UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY CAMPBELL CORNELIUS, *on behalf of herself and all others similarly situated*,<br><br>                              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                              Defendant. | Case No.:   1:19-cv-11043 (LJL) (SLC) |

**WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS BEFORE THE DISTRICT COURT**

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ........................................................................................................2
    A.    The Complaint ............................................................................................2
    B.    The Deposit Agreement ..............................................................................5
    C.    Procedural History ......................................................................................7

ARGUMENT .............................................................................................................................8
    I.    THE COURT SHOULD COMPEL ARBITRATION UNDER FEDERAL ARBITRATION ACT ......................................................................8
    II.    THERE IS A VALID AGREEMENT BETWEEN PLAINTIFF AND WELLS FARGO ..................................................................................9
    III.    WELLS FARGO HAS NOT WAIVED ITS RIGHT TO ARBITRATION ........................................................................................11
    IV.    THE COURT SHOULD COMPEL ARBITRATION ON AN INDIVIDUAL BASIS ...........................................................................13
    V.    THE COURT SHOULD STAY THE ACTION PENDING ARBITRATION ........................................................................................14

CONCLUSION ........................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Am. Express Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013) ............................................................................................. 13

*Arciniaga v. GMC*,
   460 F.3d 231 (2d Cir. 2006) .................................................................................. 9

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) .................................................................................... 1, 2, 13

*Austin v. Summers*,
   237 S.C. 613 (1961) ............................................................................................ 10

*Bensadoun v. Jobe-Riat*,
   316 F.3d 171 (2d Cir. 2003) .................................................................................. 8

*Celltrace Commc'ns Ltd. v. Acacia Research Corp.*,
   689 Fed. Appx. 6 (2d Cir. 2017) .......................................................................... 14

*Cohen v. UBS Fin. Servs.*,
   799 F.3d 174 (2d Cir. 2015) .................................................................................. 9

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995) .................................................................................... 11

*CompuCredit Corp. v. Greenwood*,
   565 U.S. 95 (2012) ................................................................................................ 9

*Dietrich v. Chemical Bank*,
   115 Misc. 2d 713 (1981), *aff'd* 92 A.D.2d 786 (1st Dept 1983) ........................ 10

*Duran v. J. Hass Group, L.L.C.*,
   531 Fed. Appx. 146 (2d Cir. 2013) ....................................................................... 9

*ESAB Group, Inc. v. Zurich Ins. PLC*,
   685 F.3d 376 (4th Cir. 2012) ................................................................................ 9

*Green Tree Fin. Corp.-Alabama v. Randolph*,
   531 U.S. 79 (2000) ................................................................................................ 8

*Harrington v. Atl. Sounding Co., Inc.*,
   602 F.3d 113 (2d Cir. 2010) .................................................................................. 8

*In re Deutsche Bank AG Sec. Litig.*,
  2016 U.S. Dist. LEXIS 96741 (S.D.N.Y. July 25, 2016) ............................................. 12

*Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*,
  434 F. Supp. 2d 211 (S.D.N.Y. 2006) ............................................................................ 13

*Katz v. Cellco P'ship*,
  794 F.3d 341 (2d Cir. 2015) ........................................................................................... 14

*Kolbeck v. LIT Am.*,
  923 F. Supp. 557 (S.D.N.Y. 1996) ................................................................................. 12

*Koehler v. Bank of Bermuda, Ltd.*,
  12 N.Y.3d 533 (2009) ....................................................................................................... 3

*Kutluca v. PQ New York Inc.*,
  266 F. Supp. 3d 691 (S.D.N.Y. 2017) .............................................................................. 9

*La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
  626 F.3d 156 (2d Cir. 2010) ........................................................................................... 11

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
  67 F.3d 20 (2d Cir. 1995) ............................................................................................... 13

*McAllister Bros. v. A & S Transp. Co.*,
  621 F.2d 519 (2d Cir. 1980) ........................................................................................... 11

*McCarthy v. Wachovia Bank, N.A.*,
  759 F. Supp. 2d 265 (E.D.N.Y. 2011) .............................................................................. 3

*Meyer v. Kalanick*,
  185 F. Supp. 3d 448 (S.D.N.Y. 2016) ............................................................................ 13

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .............................................................................................................. 9

*NetJets Aviation, Inc. v. LHC Communs., LLC*,
  537 F.3d 168 (2d Cir. 2008) ........................................................................................... 13

*Newbanks v. Cellular Sales of Knoxville, Inc.*,
  548 Fed. Appx. 851 (4th Cir. 2013) ................................................................................. 9

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016) ............................................................................................. 8

*Patterson v. Raymours Furniture Co.*,
  96 F. Supp. 3d 71 (S.D.N.Y. 2015) ................................................................................ 13

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004) ........................................................................................... 12

*Ross v. Am. Express Co.*,
    35 F. Supp. 3d 407 (S.D.N.Y. 2014) .................................................................................. 13

*Samuel L. Hagan II, P.C. v. J.P. Morgan Chase Bank, N.A*,
    2011 N.Y. Misc. LEXIS 4907 (N.Y. Sup. Ct. Oct. 19, 2011) ............................................. 10

*Sutherland v. Ernst & Young LLP*,
    726 F.3d 290 (2d Cir. 2013) ........................................................................................ 2, 9, 13

*York v. Dodgeland of Columbia, Inc.*,
    406 S.C. 67 (S.C. App. 2013) ............................................................................................. 10

*Zhu v. Hakkasan NYC LLC*,
    291 F. Supp. 3d 378 (S.D.N.Y. 2017) ................................................................................ 8, 9

## Statutes

9 U.S.C. §2 ..................................................................................................................................... 9
9 U.S.C. §3 ............................................................................................................................... 2, 14
CPLR §5222 ................................................................................................................................... 3
General Business Law §349 .......................................................................................................... 4

## Rules

Federal Rule of Civil Procedure 9(b) ........................................................................................... 12

Defendant Wells Fargo Bank, N.A ("Wells Fargo"), by its attorneys Zeichner Ellman & Krause LLP, respectfully submits this memorandum of law in support of its motion for an order: (i) compelling arbitration of all disputes between plaintiff Kelly Campbell Cornelius ("Plaintiff") and Wells Fargo on an individual basis; (ii) staying this case pending completion of the arbitration between Wells Fargo and Plaintiff; and (iii) granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This putative class action relates to a savings account maintained in the name of Plaintiff at Wells Fargo pursuant to a Deposit Agreement (defined below) that expressly requires all disputes to be resolved through arbitration between Plaintiff and Wells Fargo. Based upon this binding agreement and the strong federal policy favoring arbitration, the Court should compel arbitration of Plaintiff's claims on an individual basis and stay this action pending resolution of the arbitration.

Controlling law dictates that where a binding arbitration agreement exists, as it does here, the parties' agreement to arbitrate must be enforced according to its terms. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Moreover, any ambiguity as to arbitrability of a dispute should be resolved in favor of arbitration. *Id.* Here, Plaintiff agreed to be bound by the Deposit Agreement, which requires arbitration of all disputes between Plaintiff and Wells Fargo. Accordingly, Plaintiff must arbitrate her claims.

Moreover, Plaintiff must arbitrate her claims on an individual basis. The Deposit Agreement's arbitration clause expressly prohibits Plaintiff from commencing or participating in class or representative actions. Such class waivers are enforceable under United States Supreme

Court and Second Circuit precedent. *See AT&T Mobility LLC*, 563 U.S. at 344; *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 299 (2d Cir. 2013). Thus, the Court should compel arbitration on an individual basis.

Finally, this case should be stayed pending resolution of the arbitration. Under Section 3 of the Federal Arbitration Act, courts stay pending actions once arbitration has been ordered. Here, as Plaintiff's claims are clearly arbitrable, the Court should stay this action upon compelling arbitration.

For these reasons, and those stated below, Wells Fargo's motion should be granted.

## STATEMENT OF FACTS

### A.   The Complaint

Plaintiff's Complaint concerns a restraining notice that non-party and judgment creditor Northern Leasing Systems, Inc. ("Northern Leasing") served upon Wells Fargo to restrain funds maintained for the benefit of Plaintiff, the judgment debtor. According to the Complaint, on April 29, 2014 and October 29, 2015, non-party Tios Mexican Cantina ("Tios") entered into two leases with non-party Northern Leasing for credit card processing equipment: (i) an Igenico iCT220 pin pad for $6,342, payable in 48 monthly installments of $129; and (ii) a Dejavoo Z8 wireless pin pad for $17,430 payable in 48 months installment of $360 (the "Leases") (Comp., Exs. A, B)[1].

---

[1]  A copy of the Complaint with exhibits is attached as Exhibit 4 to the accompanying Declaration of Bryan D. Leinbach ("Leinbach Decl.").

2

According to the Complaint, Tios defaulted on the Leases. In April 2019, Northern Leasing commenced a New York civil court action against Plaintiff, as guarantor, and obtained a default judgment against Plaintiff for $9,822.52. *See* Default Judgment (Comp. Ex. D) (Leinbach Decl., Ex. 4). As a result of the default judgment, Northern Leasing served Wells Fargo with a restraining notice on or about May 20, 2019. *See* Comp. ¶ 26 and attached Ex. E. Upon receipt of the restraining notice, Wells Fargo identified a savings account that Plaintiff maintained at Wells Fargo (the "Account") and restrained the sum of $19,483 in the Account. *See* Comp. ¶ 27.

In her Complaint, Plaintiff claims Wells Fargo's restraint on her Account was invalid. *See* Comp. ¶¶ 4, 51, 61. This assertion is meritless for at least two reasons. *First*, Wells Fargo was required to restrain Plaintiff's Account under CPLR §5222, which provides that Wells Fargo must restrain accounts it maintains upon receipt of a restraining notice in a New York state court action. *See* CPLR §5222; *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011). Courts interpreting CPLR §5222 have recognized that banks operating in New York are bound to deliver property owned by a judgment debtor when that property is located outside New York. *See Koehler v. Bank of Bermuda, Ltd.*, 12 N.Y.3d 533, 536 and 541 (2009); *McCarthy* at 275. *Second*, the Deposit Agreement expressly authorizes Wells Fargo to act on legal process such as restraining orders and restrain accounts. *See* Deposit Agreement, pp. 15, 16 (Comp., Ex. C) (Leinbach Decl., Ex. 4).

On August 13, 2019, Plaintiff commenced an action against Wells Fargo in South Carolina state court, asserting causes of action for money had and received and civil conspiracy. *See* Comp. ¶ 32 (Leinbach Decl., Ex. 4). On September 30, 2019, the court ordered that Wells Fargo release Plaintiff's restrained funds. *See* Comp. ¶ 33. On October 18, 2019, Wells Fargo

3

filed a notice of compliance with the court and provided Plaintiff with a check in the amount of $19,483. *See id.* Plaintiff then dismissed the action. *See id.*

On December 2, 2019, Plaintiff commenced this action against Wells Fargo for breach of contract and violation of New York General Business Law §349. *See* Comp. ¶¶ 47-63 (Leinbach Decl., Ex. 4). Plaintiff brings this case as a proposed class action "on behalf of herself and all other persons who, from the applicable limitations period to the present (the 'Class Period'), had funds in their Wells Fargo deposit accounts restrained based on process from a restraining jurisdiction other than the jurisdiction in which the account was located." Comp. ¶ 4.

In her Complaint, Plaintiff alleges that Northern Leasing defrauded thousands of small businesses by inducing them to enter into lease agreements with unconscionable terms for credit card processing equipment. *See* Comp. ¶¶ 2, 15, 18 – 20, 35. The Complaint further alleges that the New York Attorney General's Office has an enforcement action pending against Northern Leasing. *See* Comp. ¶ 3. Based upon these allegations, Plaintiff alleges that Wells Fargo somehow conspired with Northern Leasing to enforce these lease agreements. *See* Comp. ¶¶ 4, 25, 26. However, the Complaint is devoid of any particularized allegations showing how Wells Fargo participated in Northern Leasing's business or in seeking judgments against Northern Leasing customers.

Plaintiff's sole particularized allegation against Wells Fargo relates to legends in the header of the Leases, which state that Northern Leasing has assigned the right to collect payments on the Leases to Wells Fargo as security. *See* Leases (Comp., Exs., A, B). These legends refer to loans that Wells Fargo made to Northern Leasing. As the Leases state, Northern Leasing's obligations under these loans were secured by Leases (and other pledged assets). *See*

4

Leases. As shown below, there are no well-pled allegations establishing either that Northern Leasing acted as Wells Fargo's agent or a conspiracy between Wells Fargo and Northern Leasing to obtain and enforce default judgments against lessors. (*See* Argument Point III below).

When Wells Fargo restrained Plaintiff's account, it was not acting on Northern Leasing's behalf, but instead out of its obligation to comply with a valid restraining notice pursuant to New York law. The fact that Northern Leasing is one of the many companies that have secured credit from Wells Fargo has no bearing on this separate legal obligation.

**B.     The Deposit Agreement**

Plaintiff opened the Account by signing a Consumer Account Application dated December 16, 2011 (the "Application"). *See* Application; (the Accompanying Declaration of Karen Nelson (the "Nelson Decl."), Ex. 1). In the Application, Plaintiff acknowledges receiving a copy of the Account Agreement ("Deposit Agreement") and agrees to be bound by its terms as amended from time to time:

> I have received a copy of the applicable account agreement and privacy brochure and agree to be bound by them, including the terms of the Direct Deposit Advance service described in the Service Agreement and Product Guide and any amendment or addendum (Direct Deposit Advance service currently not available in all states).

Application, p. 2 (Nelson Decl., Ex. 1). Further, Plaintiff concedes the existence of the Deposit Agreement and admits the Deposit Agreement is a "binding contract." Comp. ¶ 59 (Leinbach Decl., Ex. 4).

The Deposit Agreement contains an Arbitration Agreement, which provides that either Wells Fargo or its customer can opt to resolve all disputes between them through arbitration, including any dispute about the Arbitration Agreement itself:

> **Arbitration Agreement between you and Wells Fargo**
>
> If you have a dispute, we hope to resolve it as quickly and easily as possible. First, discuss your dispute with a banker. If your banker is unable to resolve your dispute, you agree that either Wells Fargo or you can initiate arbitration as described in this section.
>
> **Definition:** Arbitration means an impartial third party will hear the dispute between Wells Fargo and you and provide a decision. Binding arbitration means the decision of the arbitrator is final and enforceable. A "dispute" is any unresolved disagreement between Wells Fargo and you. A "dispute" may also include a disagreement about this Arbitration Agreement's meaning, application, or enforcement.
>
> **Wells Fargo and you each agrees to waive the right to a jury trial or a trial in front of a judge in a public court.** This Arbitration Agreement has only one exception: Either Wells Fargo or you may still take any dispute to small claims court.

7/11/18 Deposit Agreement, p. 3 (bold in original); *see also* 10/15/11 Deposit Agreement, p. 4 (Nelson Decl. Exs. 2, 3).

The Arbitration Agreement also prohibits customers from participating in "class or representative actions":

> **Can either Wells Fargo or you participate in class or representative actions?**
>
> **No, neither Wells Fargo nor you will be entitled to join or consolidate disputes by or against others as a representative or member of a class, to act in any arbitration in the interests of the general public, or to act as a private attorney general.**

7/11/18 Deposit Agreement, p. 4 (bold in original); *see also* 10/15/11 Deposit Agreement, p. 4 (Nelson Decl. Exs. 2, 3).

6

The Deposit Agreement states that the arbitration will be administered by the AAA and governed by the AAA's Consumer Rules. Deposit Agreement, p. 3 (Nelson Decl., Ex. 3).

Although the AAA Consumer Rules do not mention "class arbitration," the AAA has publicly stated it will not accept class arbitration demands where the agreement at issue prohibits class arbitration:

> The Association is not currently accepting for administration demands for class arbitration where the underlying agreement prohibits class claims, consolidation or joinder, unless an order of a court directs the parties to the underlying dispute to submit any aspect of their dispute involving class claims, consolidation, joinder or the enforceability of such provisions, to an arbitrator or to the Association.

AAA Policy on Class Arbitrations, July 14, 2005[2]

### C. Procedural History

Plaintiff commenced this action by filing the Complaint with this Court on December 2, 2019. *See* Comp. (Leinbach Decl., Ex. 4). By a December 31, 2019 letter application on consent, Wells Fargo requested an extension of time to respond to Plaintiff's Complaint until February 17, 2020. [*See* Docket No. 13]. The Court granted Wells Fargo's request for an extension on January 2, 2020 [Docket No. 14].

---

[2] This publication can be found at the following website:
https://www.adr.org/sites/default/files/document_repository/AAA-Policy-on-Class-Arbitrations.pdf

## ARGUMENT

I. **THE COURT SHOULD COMPEL ARBITRATION UNDER FEDERAL ARBITRATION ACT**

"In deciding a motion to compel arbitration under the FAA, 'the Court applies a standard similar to that applicable to a motion for summary judgment.'" *Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 386 (S.D.N.Y. 2017) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). If the party seeking arbitration can substantiate its entitlement to arbitration by a showing of evidentiary facts, the opposing party must submit evidentiary facts demonstrating there is a dispute of fact regarding the making of the agreement for arbitration. *See* Zhu, 291 F. Supp. 3d at 386. Further, the party seeking to avoid arbitration bears the burden of showing the arbitration agreement is inapplicable or invalid. *See id.*, citing *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010); and *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). The party seeking arbitration may submit new documents to support its motion for arbitration. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) ("In deciding motions to compel [arbitration], courts apply a standard similar to that applicable for a motion for summary judgment," which "requires a court to consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits.") (alteration, citations, and internal quotation marks omitted).

A court's decision to compel arbitration is governed by Section 2 of the Federal Arbitration Act, which provides as follows: a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

8

law or in equity for the revocation of any contract." 9 U.S.C. §2. Section 2 of the FAA establishes a liberal federal policy favoring arbitration agreements. *See CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296 (2d Cir. 2013). Similarly, the Second Circuit held that the FAA provides an agreement to arbitrate is valid, irrevocable, and enforceable and the parties should be held to it unless Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue. *Arciniaga v. GMC*, 460 F.3d 231, 235 (2d Cir. 2006); *Cohen v. UBS Fin. Servs.*, 799 F.3d 174 (2d Cir. 2015); *see also Newbanks v. Cellular Sales of Knoxville, Inc.*, 548 Fed. Appx. 851 (4th Cir. 2013); *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376 (4th Cir. 2012).

Unless there is an issue regarding its creation, a court should compel arbitration in accordance with the arbitration agreement's terms. *Duran v. J. Hass Group, L.L.C.*, 531 Fed. Appx. 146, 147 (2d Cir. 2013); *Zhu*, 291 F. Supp. at 385-386 (quoting *Kutluca v. PQ New York Inc.*, 266 F. Supp. 3d 691, 699 (S.D.N.Y. 2017)).

Here, it is indisputable that there is a valid arbitration agreement between Plaintiff and Wells Fargo that covers Plaintiff's claims. Thus, the Court should compel arbitration.

**II.     THERE IS A VALID AGREEMENT
         BETWEEN PLAINTIFF AND WELLS FARGO**

"Whether parties agreed to arbitrate is determined under state law." *Zhu*, 291 F. Supp. 3d at 387. The Deposit Agreement is governed by South Carolina law, the state where Plaintiff opened the Account. *See* Application; Deposit Agreement, p. 5 (Nelson Decl. Exs. 1, 3).

9

To determine the validity of an arbitration agreement, South Carolina courts consider general contract defenses to ensure a meeting of the minds to arbitrate existed and that the agreement was not the result of fraud, duress, or unconscionability. *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 78 (S.C. App. 2013) (Court of Appeals found trial court did not err in finding the parties were bound by a valid arbitration agreement that complied with FAA and enforced the class action waiver provision.)

Here, the parties are bound by a valid contract. Wells Fargo's records establish that Plaintiff agreed to be bound by the account agreements governing the Account, including the Deposit Agreement. *See* Application, p. 2 (Nelson Decl., Ex. 1). Moreover, Plaintiff concedes the existence of the Deposit Agreement in her Complaint. *See* Comp. ¶ 59 (Leinbach Decl., Ex. 4). Plaintiff acknowledged receiving a copy of the Deposit Agreement when she executed the Application and is thus estopped from claiming non-receipt or ignorance of its contents. *See Samuel L. Hagan II, P.C. v. J.P. Morgan Chase Bank, N.A*, 2011 N.Y. Misc. LEXIS 4907, *18 (N.Y. Sup. Ct. Oct. 19, 2011); *Dietrich v. Chemical Bank,* 115 Misc. 2d 713, 715 (1981), *aff'd* 92 A.D.2d 786 (1st Dept 1983); *Austin v. Summers*, 237 S.C. 613, 621 (1961). Further, Plaintiff agreed to be bound by any amendments to the Deposit Agreement. Application, p. 2 (Nelson Decl., Ex. 1).

The Deposit Agreement's Arbitration Agreement is broad and covers all disputes between Wells Fargo and Plaintiff. Specifically, the Agreement covers "any unresolved disagreement between Wells Fargo and you," including any "disagreement about this Arbitration Agreement's meaning, application, or enforcement." 7/11/18 Deposit Agreement, p. 3; *see also* 10/15/11 Deposit Agreement, p. 4 (Nelson Decl., Exs. 2, 3). New York courts have held that when an arbitration agreement is broad in scope and arguably covers the dispute, it is interpreted

to broadly compel arbitration. *See McAllister Bros. v. A & S Transp. Co.*, 621 F.2d 519, 522 (2d Cir. 1980); *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 21 (2d Cir. 1995). The broad arbitration agreement here clearly covers Plaintiff's claims in this action. As a result, the Court should grant Wells Fargo's motion to compel arbitration.

### III. WELLS FARGO HAS NOT WAIVED ITS RIGHT TO ARBITRATION

In an attempt to avoid the clear import of the Arbitration Agreement, Plaintiff alleges Wells Fargo "waived" its right to seek arbitration under the Deposit Agreement because Wells Fargo acted "through its privy, co-conspirator, and agent, Northern Leasing" to prosecute court proceedings against Plaintiff and others in New York County Civil Court and "obtain[] judgments against them, [seek] court process to enforce those judgments, and seize[] funds from them pursuant to such process." Comp. ¶ 12 (Leinbach Decl., Ex. 4). This contention is meritless for at least four reasons.

*First*, Plaintiff cannot show waiver. Courts in the Second Circuit have generally considered three factors to determine whether a party has waived its right to arbitrate: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). Here, Plaintiff filed the Complaint on December 2, 2019 and this motion comes not even three months later. There (1) has been almost no time between the commencing of litigation and the demand for arbitration, (2) has been no activity in this lawsuit other than the Complaint and this motion, and (3) Plaintiff alleges no prejudice because she cannot.

*Second*, Plaintiff cannot establish waiver by alleging a conspiracy between Wells Fargo and Northern Leasing. Indeed, Plaintiff cites no case to support her argument that a non-signatory to a contract may waive a contracting party's right to seek arbitration. Even assuming arguendo Plaintiff could establish waiver by pleading conspiracy (she cannot), Plaintiff's argument still fails because Plaintiff has not alleged this fraud-based conspiracy with the requisite particularity (other than referencing the legends on the leases attached to the Complaint). As a result, those fraud-based allegations should be disregarded. *See In re Deutsche Bank AG Sec. Litig.*, 2016 U.S. Dist. LEXIS 96741, at *76 (S.D.N.Y. July 25, 2016) ("Where the claims are premised on allegations of fraud, the allegations must satisfy the heightened particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.") (internal quotation marks omitted). Specifically, to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). Plaintiff's complaint is devoid of such particularized pleadings.

*Third*, Plaintiff cannot establish waiver by alleging Northern Leasing is Wells Fargo's agent. Here too, Plaintiff fails to cite any caselaw supporting her argument. In any event, Plaintiff has failed to plead the requisite facts to establish either alter-ego liability or agency. To establish an agency relationship, Plaintiff was required to plead facts to show Northern Leasing had actual, apparent or implied authority to act on behalf of Wells Fargo. *Kolbeck v. LIT Am.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996). Moreover, to establish alter ego liability, Plaintiff needed to allege facts to show that Northern Leasing and Wells Fargo operated as a single economic entity and that there was an overall element of injustice or unfairness. *See*

*NetJets Aviation, Inc. v. LHC Communs., LLC*, 537 F.3d 168, 177 (2d Cir. 2008). Here Plaintiff only pleads legal conclusions but fails to support them with factual allegations.

*Fourth*, under Second Circuit precedent, "[a]ny doubts concerning whether there has been a waiver are resolved in favor of arbitration." *Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F. Supp. 2d 211, 218 (S.D.N.Y. 2006) (*quoting Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995). Thus, even if the issue of waiver were a close call (it is not), the Court should still compel arbitration.

For each of these reasons, Plaintiff's anticipated waiver argument fails.

## IV.    THE COURT SHOULD COMPEL ARBITRATION ON AN INDIVIDUAL BASIS

The Supreme Court and Second Circuit have repeatedly held that class waivers in arbitration agreements are enforceable. *See Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235-236 (2013) (contractual waiver of class arbitration is enforceable under the FAA even when the cost of pursuing an individual arbitration claim exceeds potential recovery); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (FAA preempts a California judicial rule classifying collective-arbitration waivers in consumer contracts as unconscionable); *Sutherland*, 726 F.3d at 299 (holding plaintiff cannot invalidate class-action waiver provisions in circumstances where the recovery sought is exceeded by the costs of individual arbitration). The Southern District of New York follows the higher courts and enforces arbitration agreements containing class waivers. *See generally, Meyer v. Kalanick*, 185 F. Supp. 3d 448, 457 (S.D.N.Y. 2016), *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 79 (S.D.N.Y. 2015), *Ross v. Am. Express Co.*, 35 F. Supp. 3d 407, 454 (S.D.N.Y. 2014).

Here, the Arbitration Agreement in the Deposit Agreement expressly prohibits customers from participating in class or representative actions. *See* 7/11/28 Deposit Agreement, p. 4; 10/15/11 Deposit Agreement, p. 4 (Nelson Decl., Exs. 2, 3). This class waiver must be enforced, and Plaintiff may not pursue her claims on a class basis. As a result, the Court should compel arbitration on an individual basis, rather than on behalf of a putative class.

### V. THE COURT SHOULD STAY THE ACTION PENDING ARBITRATION

Section 3 of the Federal Arbitration Act directs a court, "on the application of one of the parties," to stay a suit or proceeding "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration." 9 U.S.C. §3; *see also Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015), cert. denied *Katz v. Cellco P'ship*, 136 U.S. 596 (2015); *see also Celltrace Commc'ns Ltd. v. Acacia Research Corp.*, 689 Fed. Appx. 6, at *1 (2d Cir. 2017). A stay of proceedings furthers the public policy favoring arbitration and helps promote the parties' bargained-for agreement. Here, Plaintiff's claims are clearly referable to arbitration. As a result, the Court should stay these proceedings pending arbitration.

## CONCLUSION

For each of the foregoing reasons, Wells Fargo respectfully requests entry of an order: (i) compelling arbitration of all disputes between Plaintiff and Wells Fargo on an individual basis; (ii) staying this case pending completion of the arbitration between Wells Fargo and Plaintiff; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 18, 2020

                                           ZEICHNER ELLMAN & KRAUSE LLP

                                           By: _____
                                               Stephen F. Ellman
                                               Bryan D. Leinbach
                                               Sarah R. Haag-Fisk
                                               Attorneys for Defendant
                                                 Wells Fargo Bank, N.A.
                                               1211 Avenue of the Americas
                                               New York, New York 10036

                                               *sellman@zeklaw.com*
                                               *bleinbach@zeklaw.com*
                                               *shaag-fisk@zeklaw.com*